The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting a transcript of his deposition testimony, wherein he stated that he had been at a complete stop when his vehicle was struck in the rear by a vehicle driven by the defendant Ivan O. Gardillo (see DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489 [2010]; Volpe v Limoncelli, 74 AD3d 795 [2010]; Staton v Ilic, 69 AD3d 606 [2010]; Lampkin v Chan, 68 AD3d 727 [2009]). However, in opposition to the motion, the defendants raised a triable issue of fact by preferring a nonnegligent explanation for the accident (see Briceno v Milbry, 16 AD3d 448 [2005]; Simpson v Eastman, 300 AD2d 647 [2002]; Artis v Jamaica Buses, 262 AD2d 511 [1999]). Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment on the issue of liability. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.